WO                                                                                                   **JWB**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Richard Blaisdell,           )   No. CV 08-1462-PHX-JAT (ECV)
        Plaintiff,   )
                     )   **ORDER**
vs.                          )
                     )
C. Frappiea,                 )
        Defendant.   )
_____)

Plaintiff Richard Blaisdell brought this civil rights action under 42 U.S.C. § 1983 in state court against Saguaro Correctional Center (SCC) Classification Officer Frappiea (Doc. 1, Ex. C). Following removal, Plaintiff filed a First Amended Complaint (Doc. 9).[1] Before the Court are the parties' Cross-Motions for Summary Judgment (Doc. 22, 27). The motions are ready for ruling. Defendant has also moved to strike Plaintiff's reply in support of his cross-motion (Doc. 32). The Court will grant Defendant's summary judgment motion, deny Plaintiff's summary judgment motion, deny the motion to strike, and terminate this action.

**I.    Background**

Plaintiff's claim stems from his placement in administrative segregation following a disciplinary write-up authored by Frappiea (Doc. # 9 at 3). Plaintiff alleged that he served Frappia with a valid federal summons and complaint on behalf of another inmate—for a different action—and, within two hours, Frappiea wrote false disciplinary charges in retaliation for serving the documents (id.). Plaintiff further alleged that Frappiea conspired

---

[1] Upon screening, the Court dismissed all other claims and Defendants (Doc. 10 at 8).

1 with other SCC officials to ensure Plaintiff was found guilty and placed in segregation (id.).
2 Finally, Plaintiff claimed that Frappiea knew about Plaintiff's other lawsuits and issued the
3 false disciplinary report in retaliation for that protected conduct (id.).

Plaintiff sought various forms of injunctive relief and monetary damages (id. at 8). Frappiea filed her Answer, the Court issued a Scheduling Order, and the parties engaged in discovery (Docs. 11, 15). Both parties have now moved for summary judgment (Docs. 22, 27).

## II. Motions for Summary Judgment

### A. Frappiea's Motion

Frappiea argues that Plaintiff cannot meet his burden to maintain an action for retaliation (Doc. 22). Specifically, Frappiea contends that there is no nexus between the disciplinary report and Plaintiff's litigation activity. Further, Frappiea argues that Plaintiff's actions as a process server do not constitute protected conduct that would give rise to a retaliation claim (id. at 8).

### B. Plaintiff's Cross-Motion[2]

Plaintiff also moves for summary judgment (Doc. 27). He states that Frappiea issued the disciplinary report against Plaintiff in retaliation for Plaintiff serving a summons and complaint on Frappiea on behalf of another inmate (id. at 1). Plaintiff argues that it was Frappiea's actions that caused Plaintiff to be housed in segregation (id. at 2-3). Plaintiff maintains that the disciplinary charges brought against him were false and served no legitimate penological objective (id. at 3). Plaintiff disputes that he was providing legal assistance to inmate whose suit he served; Plaintiff states that he had no involvement in drafting or filing the pleadings in that case (id. at 5).

///
///

---

[2] The Court issued the Notice required under Rand v. Rowland, 154 F.3d 952, 962 (9th Cir. 1998), informing Plaintiff of his obligation to respond to Defendant's motion (Doc. # 38).

### C. Frappiea's Reply/Response to Plaintiff's Cross-Motion

Frappiea maintains that Plaintiff has no constitutional right to serve a summons or complaint (Doc. 30). Further, Frappiea contends that Plaintiff has failed to identify a connection between any protected conduct and the disciplinary report (id. at 2). Frappiea points out that Plaintiff's insistence that he was permitted to serve the summons and complaint is irrelevant and there is no evidence that Frappiea's actions were retaliatory but based on her understanding of the law (id.). Frappiea argues that even if she made a mistake in interpreting any regulations, such a mistake does not rise to the level of a constitutional violation (id. at 3). Finally, Frappiea asserts that because the disciplinary report was based on an actual violation of CCA's rules and regulations, which further legitimate penological goals, Plaintiff cannot succeed on his retaliation claim (id. at 4-5).

### D. Plaintiff's Reply to Cross-Motion

Plaintiff reiterates in his reply that Frappiea retaliated against him because of his service of a summons and complaint for another inmate (Doc. 31). Plaintiff maintains that he had the right to serve the summons and complaint on behalf of the other inmate and did not need approval to be in possession of the documents.

## III. Motion to Strike

Frappiea moves to strike Plaintiff's reply in support of his cross-motion as an unauthorized sur-reply (Doc. 32). The rules, however, authorize Plaintiff to reply in support of his cross-motion. As a result, the motion to strike will be denied.

## IV. Legal Standards

### A. Summary Judgment

A court must grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Under summary judgment practice, the movant bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, that it believes demonstrate

the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323; Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).

If the movant meets its burden with a properly supported motion, the burden then shifts to the nonmovant to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Auvil v. CBS "60 Minutes", 67 F.3d 816, 819 (9th Cir. 1995); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The nonmovant need not establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968). By affidavit or as otherwise provided by Rule 56, the nonmovant must designate specific facts that show there is a genuine issue for trial. Anderson, 477 U.S. at 249; Devereaux, 263 F.3d at 1076. The nonmovant may not rest upon the pleadings' mere allegations and denials, but must present evidence of specific disputed facts. See Anderson, 477 U.S. at 248.

At summary judgment, the judge's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. Id. at 249. In its analysis, the court must believe the nonmovant's evidence, and draw all inferences in the nonmovant's favor. Id. at 255.

**B.    Retaliation**

A viable claim of First Amendment retaliation contains five elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that inmate's protected conduct and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims require an inmate to show that (1) the prison official acted in retaliation for the exercise of a constitutionally-protected right and (2) the action "advanced no legitimate penological interest"). Retaliation claims must be evaluated in light of the

concerns of excessive judicial involvement in day-to-day prison management, and courts must therefore "afford appropriate deference and flexibility" to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory. Pratt v. Rowland, 65 F3d 802, 807 (9th Cir. 1995.)

Prisoners have a constitutionally-protected right to file grievances and to pursue civil rights litigation without retaliation. Rhodes, 408 F.3d at 567; Hines, 108 F.3d at 267 (prisoner may not be retaliated against for use of grievance system).

**V.    Analysis**

Plaintiff alleged that Frappiea issued a disciplinary report against Plaintiff in retaliation for Plaintiff's service of a summons and complaint on behalf of another inmate for an unrelated action. Plaintiff maintains that he did not break any laws or rules in serving Frappiea with the documents and her actions in writing Plaintiff a disciplinary violation—which resulted in Plaintiff being sent to administrative segregation—served no legitimate penological purpose.

In support of her motion, Frappiea submits the affidavit of SCC Assistant Warden Jody Bradley (Doc. 23, Ex. 1, Bradley Aff. ¶ 2). Bradley attests that Frappiea is not authorized to assign an inmate to segregation, nor is she responsible for recommending specific inmate disciplinary action (id. ¶ 5). Further, Bradley states that CCA policies limit prisoner-on-prisoner legal assistance such that inmates must have permission to assist each other (id. ¶¶ 8-9). Bradley explains that such limits are necessary because inmates can become abusive to each other when legal matters are not successful (id. ¶ 11). Further, inmates may attempt to offer their legal service in exchange for goods, money, services, and contraband, which can threaten the security of the facility (id. ¶¶ 12-13).

Frappiea also submits her own affidavit, wherein she attests that she does not conduct inmate disciplinary hearings and does not have the authority to assign inmates to disciplinary segregation (Doc. 23, Ex. 2, Frappiea Aff. ¶ 5). Frappiea further declares that she prepared a disciplinary report and cited Plaintiff with various infractions because he conspired with another inmate to possess that inmate's legal paperwork for the purpose of service of process

(id. ¶¶ 15-17). Plaintiff was also cited with failure to follow rules because he was providing legal assistance to another inmate without prior approval and in violation of federal, state, or local laws because service of process is made by the United States Marshal and not individual inmates. Frappiea states that she had no involvement in Plaintiff's placement in pre-hearing detention and was not involved in Plaintiff's disciplinary hearing, wherein he was sentenced to 60 days in disciplinary detention (id. ¶¶ 20-22). Finally, Frappiea attests that she had no knowledge of Plaintiff's litigation activity and did not issue the disciplinary report in retaliation for any of Plaintiff's protected conduct (id. ¶¶ 24-25).

Finally, Frappiea presents the affidavit of SCC Shift Supervisor Erik Hernandez (id., Ex. 3, Hernandez Aff.). Hernandez attests that on April 29, 2008, he conducted a hearing on Plaintiff's April 23, 2008 disciplinary report, found Plaintiff guilty, and recommended that Plaintiff be placed in disciplinary segregation for 60 days. Hernandez further states that Frappiea had no input regarding Plaintiff's disciplinary status and did not request any specific disciplinary action be taken (id. ¶¶ 11-13).

On this record, Frappiea has met her initial burden to present the basis of the motion and identify portions of the record that show an absence of a genuine issue of material fact. The burden now shifts to Plaintiff to present specific facts that a genuine issue exists. Fed. R. Civ. P. 56(e). In his cross-motion, Plaintiff makes clear that his retaliation claim is "because [he] legally served Frappiea with a federal summons and compliant naming her as a defendant" (Doc. 31 at 1). Plaintiff explicitly states that his claim is not predicated on his other lawsuits against CCA officials (id.). Further, Plaintiff maintains that his actions in serving Frappiea were authorized under Rule 4 of the Federal Rules of Civil Procedure and not violative of any federal, state, or local law (Doc. # 27 at 2). Consequently, Plaintiff maintains that Frappiea's disciplinary report constituted retaliation.[3]

---

[3] In his cross-motion, Plaintiff also argues that he was not provided with the due process protections articulated in Wolff v. McDonnell, 418 U.S. 539, 565-66 (1974). The Court will not reconsider these arguments because Plaintiff's due process claim was dismissed upon screening for failure to state a claim.

- 6 -

The Court finds that Plaintiff cannot prevail on his retaliation claim for the following reasons. While the parties do not dispute that the disciplinary report satisfies the adverse action requirement of a retaliation claim, Plaintiff has not adduced any evidence to create a genuine issue of material fact as to whether Frappiea's actions were because of protected conduct or whether her actions served no legitimate penological objective.

The Court has already stated that Plaintiff acting as a process server in the prison is not expressive conduct protected by the First Amendment (Doc. 10 at 6-7). See Rhodes, 408 F.3d at 567-68; Hines, 108 F.3d at 267. Indeed, the Court's Screening Order explicitly stated that Plaintiff's actions in serving process could not form the basis for his retaliation claim (id.). The vast majority of Plaintiff's response focuses on his argument that he was authorized to serve the summons and complaint on Frappiea for another inmate. But this is immaterial to the summary judgment analysis because the Court determined that Plaintiff stated a plausible retaliation claim against Frappiea for retaliation based *only* on his other lawsuits against CCA officials. As to this claim, however, Plaintiff acknowledges that the disciplinary report was not issued because of his other litigation activities (Doc. 31 at 1). As a result, Plaintiff completely fails to offer any evidence that Frappiea was aware of any prior lawsuits against CCA officials *and* that prior lawsuits are what prompted her to retaliate against Plaintiff. Plaintiff's failure to introduce evidence establishing a link between his other lawsuits and the disciplinary report is fatal to his retaliation claim. For this reason alone, Plaintiff cannot satisfy the second and third elements of a retaliation claim, and Frappiea is entitled to summary judgment.

But even assuming Plaintiff could satisfy the first four elements of a retaliation claim, he also "bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains." See Pratt, 65 F. 3d at 806. And the Court must "afford appropriate deference and flexibility" to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory. Id. at 807. Frappiea attests that she issued the disciplinary report against Plaintiff because she believed he violated CCA rules by acting as a process server on behalf of another inmate. Such

conduct violated CCA policies prohibiting inmate-on-inmate legal assistance.

In <u>Bruce v. Ylst</u>, the Ninth Circuit reversed the grant of summary judgment where the prisoner's evidence of retaliatory motive included a showing that the evidence relied upon by prison officials to validate him as a gang member had already been found insufficient. Thus, the prisoner's evidence, which with other evidence established retaliatory motive, also called into question the penological justification for the defendants' conduct. <u>Bruce</u>, 351 F.3d at 1288. Likewise, in <u>Klein</u>, the district court denied summary judgment to prison officials where the court found that the officials' justification for the plaintiff's transfer was at issue because the plaintiff, who was investigated for a fraudulent scheme at the prison, offered evidence that another inmate, who was just as involved in the scheme, was not transferred. See <u>Klein v. Helling</u>, 2007 WL 556941, at *12 (D. Nev. 2007).

But unlike <u>Bruce</u> or <u>Klein</u>, Plaintiff cannot establish that the disciplinary report did not serve a legitimate penological interest. Plaintiff readily acknowledges that he served another inmate's legal documents on Frappiea, which constitutes a violation of CCA policy. Plaintiff's attempt to distinguish his actions of serving the documents with "assisting" another inmate with his legal activities is unavailing. But even if Frappiea was incorrect about whether Plaintiff could serve process or whether his actions were violative of CCA policy, this is immaterial because she had no involvement in whether Plaintiff was ultimately found guilty of the disciplinary charges. Moreover, Plaintiff offers no evidence to refute that CCA's policy limiting inmate-on-inmate legal assistance further legitimate penological interests. Because Plaintiff has the burden to prove the absence of a legitimate penological purpose and he has offered no evidence of that, the Court finds that he has not met his burden here. See <u>Rhodes</u>, 408 F.3d at 567-68; <u>see also</u> <u>Hartman v. Moore</u>, 547 U.S. 250, 260 (2006) (causation is but-for; that is, action colored by a bad motive is not a constitutional violation if the action would have been taken anyway). And the Court must afford appropriate deference to prison officials in the evaluation of proffered penological reasons for their conduct. <u>Pratt</u>, 65 F3d at 807. Summary judgment is appropriate when a party fails to make a showing sufficient to establish the existence of an element essential to his case and on

which he would have the burden of proof at trial.  <u>Celotex Corp.</u>, 477 U.S. at 322-23.

**IT IS THEREFORE ORDERED**:

    (1) The reference to the Magistrate Judge is **withdrawn** as to Defendant's Motion for Summary Judgment (Doc. 22), Plaintiff's Cross-Motion for Summary Judgment (Doc. 27), and Defendant's Motion to Strike (Doc. 32).

    (2) Defendant's Motion for Summary Judgment (Doc. 22) is **granted**.

    (3) Plaintiff's Cross-Motion for Summary Judgment (Doc. 27) is **denied**.

    (4) Defendant's Motion to Strike (Doc. 32) is **denied**.

    (5) Plaintiff's action is dismissed with prejudice, and the Clerk of Court must enter judgment accordingly.

DATED this 27th day of July, 2010.

_____
James A. Teilborg
United States District Judge